# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | | |
|---|---|---|
| LEO FULLER, | : | |
| Petitioner, | : | |
| v. | : | CASE NO. 4:09-CV-54-CDL-MSH |
| WILLIAM M. TERRY, | : | 28 U.S.C. § 2254 |
| | : | Habeas Corpus Petition |
| Respondent. | : | |

## REPORT AND RECOMMENDATION

Petitioner filed his application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) Presently pending before the Court is Respondent's renewed motion to dismiss. (ECF No. 55.) For the reasons stated below, the Court recommends granting Respondent's motion.

## BACKGROUND

On May 18, 2009, Petitioner filed his application for habeas relief claiming that he was not appointed counsel during his state criminal proceedings in 1978. (Pet. for Writ of Habeas Corpus 10.) Petitioner subsequently filed motions for appointment of counsel and for an evidentiary hearing. (ECF Nos. 31, 26.) On August 19, 2010,[1] the Court ordered the Respondent to file "(1) an Answer, the record and transcripts (including the identity, if any, of counsel for Petitioner in the sentencing court), and any other responsive pleading to said

---

[1] Respondent's answer was delayed in this case due to the Court's initial dismissal of Petitioner's claim for failure to pay the filing fee or move to proceed IFP. The dismissal was reversed by the Eleventh Circuit. (*See Fuller v. Terry*, No. 09-13359-J, Nov. 12, 2009, ECF No. 22.)

Petition; (2) a response to Petitioner's Motion for an Evidentiary Hearing; and (3) a response to Petitioner's Motion to Appoint Counsel." (Order to Answer, ECF No. 33.) Respondent filed his response and moved to dismiss on October 18, 2010, claiming Petitioner's motion was untimely and for Petitioner's failure to exhaust. (Mot. to Dismiss 1-4, ECF No. 38.) Respondent failed to either file a transcript of proceedings that disclosed the name of Petitioner's trial counsel in the sentencing court or otherwise identify Petitioner's trial counsel. Petitioner was notified of Respondent's motion to dismiss on October 20, 2010, and responded thereto on November 12, 2010. (ECF Nos. 41, 42.) In what he entitled "Opposition to Notification to Dismiss," Petitioner again asserted that "the court below never appointed me an [a]ttorney." (Opp'n to Notification to Dismiss 1.)

On December 2, 2010, the Court deferred ruling on Respondent's motion to dismiss and ordered Respondent to expand the record pursuant to Rule 7 of the Rules Governing Section 2254 Cases in the United States District Courts. (ECF No. 43.) Specifically, in that Order, the Court found that the record was not sufficient and that Respondent should "enhance the record by submitting materials related to that portion of the petition alleging that Petitioner was unrepresented by counsel at the time he entered his plea of guilty and was sentenced." (Order 2, Dec. 2, 2010.) In response, Respondent again failed to submit the requested materials or submit any documents which would show that Petitioner did indeed have an attorney present when he entered a plea of guilty to the offenses of rape and theft by taking and was sentenced to life imprisonment in the Superior Court of Taylor County, Georgia. (Resp. & Notice of Filing 1-2, ECF No. 46.)

2

Consequently, on January 4, 2011, the Court entered an Order conditionally denying Respondent's motion to dismiss because the Court could not "rule on Respondent's arguments—specifically the issues of timeliness, including possible tolling, and exhaustion—without an evidentiary hearing." (Order 1, Jan. 4, 2011, ECF No. 48.) Therein, the Court granted Petitioner's motion for appointment of counsel and for an evidentiary hearing. Additionally, the Court ordered the parties to confer and submit a proposed discovery plan to the Court within thirty days. (Order 2, Jan. 4, 2011.) On January 31, 2011, the Court conducted a telephone conference with counsel for both parties to discuss the scope of discovery in this case. The Court also agreed at that time to a seven day extension to the deadline for submitting the proposed discovery order. (*See* Minute Entry, Jan. 31, 2011; Oral Order, Jan. 31, 2011.)

Finally, on February 1, 2011, Respondent filed his Renewed Motion to Dismiss Petition as Untimely (ECF No. 55), and submitted multiple exhibits showing that Petitioner had been appointed and had present an attorney at his state plea hearing. (Resp't's Ex. 5 at 9, ECF No. 54; Resp't's Ex. 7 at 4, 23-28, 69-74, ECF No. 56-2; Resp't's Ex. 8 at 4-5, ECF No. 57.) Additionally, the record reflects that Petitioner filed multiple applications in state court for habeas relief, which applications were denied. (*See* Resp't's Ex. 8 at 11.) The Court also takes judicial notice of the fact that this is Petitioner's second federal application for habeas relief. His first petition for habeas corpus was denied as untimely on September 10, 2002. *Fuller v. Murrell*, No. 1:01-cv-76, slip op. (M.D. Ga. Sept. 10, 2002). Petitioner's application for a certificate of appealability was denied by both the Middle District of

Georgia and the Eleventh Circuit. *Fuller v. Murrell*, No. 02-15437-C, slip op. at 1 (11th Cir. Jan. 9, 2003).

The Court discusses this lengthy procedural history to illustrate the problems it has had getting materials and sufficient responses to its Orders from both parties in this case. While the Petitioner is at fault for misleading the Court, the State also failed to thoroughly investigate and respond to the Court's requests.[2] Judicial and executive resources have been expended on this case that could have been utilized elsewhere.

## DISCUSSION

**I.     The AEDPA limitations period**

The Anti-Terrorism and Effective Death Penalty Act (hereinafter "AEDPA") was enacted primarily to put an end to the unacceptable delay in the review of prisoners' habeas petitions. "The purpose of the AEDPA is not obscure. It was to eliminate the interminable delays in the execution of state and federal criminal sentences, and the . . . overloading of our federal criminal justice system, produced by various aspects of this Courts habeas corpus jurisdiction." *Hohn v. United States,* 524 U.S. 236, 264-65 (1998). The AEDPA, which became effective on April 24, 1996, therefore instituted a time bar as follows:

> (1)     A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
> (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time

---

[2]     The Federal Defenders of the Middle District of Georgia, Inc. was not appointed to represent Petitioner until January 4, 2011. (Order 1, Jan. 4, 2011.) All filings from the Federal Defenders' Office in this case have been both prompt and complete.

>       for seeking such review;. . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Under the statute, the limitation period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(a)(A). "A state prisoner's conviction becomes final when the United States Supreme Court denies certiorari, issues a decision on the merits, or when the ninety day period in which to file for certiorari expires, regardless of whether the defendant raised any federal issues on direct appeal." *McCloud v. Hooks*, 560 F.3d 1223, 1227 (11th Cir. 2009) (emphasis omitted). Thus, in order to determine "whether a petition for writ of habeas corpus was filed within one-year of the conviction becoming final, [the Court] must determine (1) when the [collateral] motion was filed and (2) when [the] judgment of conviction became final." *Id.* (internal quotation marks and citation omitted) (second and third alteration in original).

## II. Petitioner's Application is outside the AEDPA one-year limitations period

Here, the limitations period has expired and Petitioner's petition is untimely. Petitioner reports that he pled guilty on January 1, 1978, to charges of rape and theft by taking in the Taylor County Superior Court, Butler, Georgia, and was sentenced to life in prison with the possibility of parole. (Pet. for Writ of Habeas Corpus 1.) Pursuant to O.C.G.A. § 5-6-38, Petitioner had 30 days in which to file a notice of appeal. Petitioner's

conviction thus became final on January 31, 1978, when the time for filing a notice of appeal expired without Petitioner taking any action to directly appeal his case. *Kaufmann*, 282 F.3d at 1338.

Where a petitioner's final judgment precedes the effective date of the AEDPA, the Eleventh Circuit Court of Appeals has held that state prisoners had until April 23, 1997, to file their federal habeas actions, measured by one year from the enactment date of the AEDPA. *Wilcox v. Fla. Dep't of Corr.*, 158 F.3d 1209 (11th Cir 1998). However, Petitioner did not file his federal habeas petition until May 18, 2009, over twelve years too late. A filing deadline cannot be complied with, substantially or otherwise, by filing even one day late. *Carlisle v. United States*, 517 U.S. 416, 430 (1996). Thus, the AEDPA statute of limitations bars Petitioner's application.[3]

Moreover, even assuming that Petitioner's currently pending state habeas petition was Petitioner's only state habeas petition, it did not toll the AEDPA period of limitations. *See* 28 U.S.C. § 2244(d)(2). Petitioner alleges that he filed his state habeas petition in this case on November 13, 2007, more than ten years after the AEDPA statute of limitations expired on April 23, 1997. "A state court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." *Webster v. Moore,* 199 F.3d 1256, 1259 (11th Cir. 2000).

---

[3] Although Petitioner does not mention this in his application for habeas relief, Petitioner was paroled on August 18, 1992. *Fuller v. Murrell*, No. 1:01-cv-76, slip op. at 1 (M.D. Ga. Apr. 12, 2002). His parole was revoked on July 15, 1998. Even if the Court were to count July 15, 1998, as the date from which the AEDPA limitations period begins to run, Petitioner still filed his application for habeas relief over ten years too late.

6

**III.     Certificate of Appealability**

Finally, to the extent that Petitioner may file a Notice of Appeal or Application for Certificate of Appealability, that application should be denied. Pursuant to 28 U.S.C. § 2253(c), a COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. For the reasons discussed above, the Court finds that Petitioner's application for a writ of habeas corpus is untimely and he has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

## CONCLUSION

Thus, Petitioner's application must be concluded to be barred by the AEDPA statute of limitations. WHEREFORE, IT IS RECOMMENDED that Petitioner's Application for Federal Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be DENIED. Pursuant to 28 U.S.C. § 636(b)(1), the Petitioner may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within fourteen (14) days after being served a copy of this recommendation.

**SO RECOMMENDED,** this 1st day of March, 2011.

S/Stephen Hyles
UNITED STATES MAGISTRATE JUDGE